IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  | : |  |
|---|---|---|
| UNITED STATES OF AMERICA | : |  |
|  | : |  |
| Plaintiff, | : | Case No. 1:07-CR-0060 |
| vs. | : |  |
|  | : | Judge Sandra S. Beckwith |
| PAUL H. VOLKMAN | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

## UNITED STATES' MEMORANDUM IN OPPOSITION
## TO DEFENDANT'S MOTIONS IN LIMINE

## I.     INTRODUCTION

The United States hereby submits this memorandum in opposition to the Defendant's

four recent motions in limine, which seek to preclude the Government from introducing a letter

from Liberty Mutual (Doc. 246), from "offering cumulative evidence" in the form of testimony

from pharmacists (Doc. 247), from referring to the Defendant as "Mr. Volkman" (Doc. 248), and

from introducing a DEA Powerpoint summarizing statistical information (Doc. 252).

These four motions should be denied for two reasons.  First, three of the motions do not

comply with Local Rule 7.2(a)(1), which requires that a moving party provide "citation[s] of

authorities relied upon."  Second, regardless of the lack of authority, all of the motions fail on

their own terms.  Each seeks to exclude information that is clearly admissible and not unduly

prejudicial.  In fact, the Court has already denied at least two prior motions in limine from the

Defendant raising similar objections.  (*See* Order (Doc. 200) at 5 (denying motion to exclude

statistical evidence) and 6 (denying motion to exclude complaints from pharmacists).)  The same result is appropriate here for all four motions.

## II.    ARGUMENT

### A.    Three of the Defendant's Motions Fail to Comply with the Local Rules

The Defendant fails to cite any authority in support of three of his motions: to preclude introduction of the Liberty Mutual letter, to require the Government to refer to him as "Dr. Volkman," and to bar evidence presented from pharmacists.  Without a citation to a single rule or a single case, these motions violate the Local Rules, which require that a moving party provide, for each motion, "a brief statement of the grounds, with citation of authorities relied upon."  Local Rule 7.2(a)(1).  This alone is sufficient basis of denial of these motions.

### B.    All of the Defendant's Motions Fail on Their Own Terms

The Defendant's motions lack authority for good reason: they relate to matters that are clearly admissible and are not unduly prejudicial.  As shown below, they also prove the rule that "[o]rders in limine which exclude broad categories of evidence should rarely be employed.  A better practice is to deal with questions of admissibility of evidence as they arise."  *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

#### 1.    The United States should be allowed to offer the letter from Liberty Mutual

The Defendant seeks to preclude introduction of a letter denying coverage for pills prescribed by Dr. Volkman.  The Defendant claims that this letter constitutes hearsay "offered for the truth of the matter asserted, *i.e.* that someone disagreed with Dr. Volkman's treatment of the patient and found it to be medically necessary or appropriate."  (Doc. 246 at 1.)

This letter is admissible for two reasons.  First, it is not hearsay because it is not being offered for the truth of the matter asserted.  FRE 801(c).  Contrary to the Defendant's assertion, the letter is not being offered to prove that the treatment provided by the Defendant was not "medically necessary or appropriate."  Instead, it is being offered to prove that the Defendant had notice that "someone disagreed with Dr. Volkman's treatment of the patient."  Regardless of the *content* of the letter – which can be addressed with a limiting instruction, if necessary – it is the *receipt* of the letter that put the Defendant on notice that he may have been acting outside the scope of legitimate medical practice in violation of 21 U.S.C. § 841(a).

Second, the letter is likely to qualify under the business record exception to the hearsay rule.  FRE 803(6).  The United States intends to present this letter through testimony of Lisa Gill, an employee of Liberty Mutual who was involved in the claims review process relating to Dr. Volkman's prescriptions.  The United States expects that Ms. Gill will be able to describe the circumstances of creating this letter, such that it will qualify as a business record.

> **2.**  **The United States should not be precluded from offering testimony from local pharmacists**

The Defendant also seeks to prevent the United States from offering testimony from local pharmacists because it would be "unnecessarily cumulative."  (Doc. 247 at 1.)  The Defendant asserts that this evidence will involve reciting "nearly identical" affidavits, and information that can just as easily come from experts and patient witnesses.  (*Id.* at 1-2.)

The Defendant's motion mistakes the nature of the proffered testimony.  Even if many of the Defendant's prescriptions were identical, the pharmacists' experiences were not.  Each pharmacist will provide information based on his or her own conversations with the Defendant and experiences with the Defendant's patients and prescriptions.  This information cannot be

provided through other means, since, for example, patients were not privy to many of these conversations and the affidavits alone would surely constitute hearsay.[1]  In short, this testimony is the opposite of cumulative: it is based on each pharmacist's individual interactions with customers and the Defendant – interactions that occurred at different times in different ways.

Moreover, this information is relevant to the question of whether the Defendant acted in the usual course of professional practice – a central issue in any prosecution for the violation of 21 U.S.C. § 841.  After all, each pharmacist is required to determine if a particular prescription was issued in the usual course of professional treatment.  *See* 21 C.F.R. § 1306.04(a) (describing the "corresponding responsibility" of those who fill prescriptions).  Indeed, this is the reason the Court previously denied the Defendant's motion in limine seeking to exclude pharmacists' complaints to the DEA and Ohio Pharmacy Board.  (*See* Order (Doc. 200) at 6.)  Each pharmacist's observation of the Defendant's prescriptions is therefore relevant to this case.  *See, e.g., United States v. Smith*, No. 05-282, 2006 WL 3702656, at *2 (D. Minn. Dec. 14, 2006) (in prosecution of a physician, holding that pharmacist could testify regarding "standard of medical practice in the United States for a prescription to be valid").

Given the unique nature of each pharmacist's testimony and its relevance to the question presented in this case, the United States should be allowed to present evidence from local pharmacists who interacted with the Defendant and his customers.  To the extent there is any concern under FRE 403, "what constitutes reasonable or needless cumulative evidence must be made as the witness is called at trial."  *United States v. Kelsor*, No. 2:08-cr-81-5, 2009 WL

---

[1] In fact, the Defendant's earlier motion in limine cited hearsay as its principal rationale for excluding statements made by pharmacists to the DEA and the Ohio Pharmacy Board.  (*See* Doc. 150.)

-4-

1850177, at *5 (S.D. Ohio June 25, 2009) (denying motion in limine based on the possibility of cumulative evidence in trial involving multi-count indictment).

### 3.    The Government should not be required to refer to Mr. Volkman as "Dr. Volkman"

The Defendant seeks to require the United States to refer to him in a certain fashion, to address him always as "Dr. Volkman" and never as "Mr. Volkman." (Doc. 248.) Although the United States will treat the Defendant with civility, there is no requirement that the Defendant be addressed with reference to the educational degrees he has obtained. An order requiring that the Defendant be addressed as "Doctor" is particularly inappropriate here, given that the Defendant is not currently licensed to practice medicine in any state.

### 4.    The Government should be allowed to present evidence regarding the Defendant's purchases of controlled substances

The Defendant seeks to preclude evidence regarding purchases made by the Defendant, as compared to other physicians who purchased and dispensed controlled substances. (Doc. 252.) This motion should be denied for two reasons.

The first reason supporting denial is the most straightforward: this motion has already been considered – and denied – by the Court. The Defendant previously sought to exclude "summary charts and statistical data regarding the amount of Schedule II and III controlled substance pills . . . ordered by Dr. Volkman and dispensed at Tri-State Health Care and Pain Management clinic between April, 2003 and September 9, 2005." (Doc. 145 at 2.) The Defendant now seeks to exclude a PowerPoint presentation containing exactly the same data. The Court's ruling regarding this motion should be the same as its ruling regarding the prior

motion: "[t]he Defendant's arguments about this evidence are fodder for cross-examination, and do not support a blanket exclusion order."[2]  (Order (Doc. 200) at 5.)

The second reason supporting denial is that this information is routinely admitted in prosecutions of medical providers under 21 U.S.C. § 841.  The parties agree that "the real contested issue will be if Dr. Volkman prescribed drugs without a legitimate medical purpose and outside the scope of professional practice."  (Doc. 252 at 3.)  While the parties disagree about the evidence relevant to this question, the Sixth Circuit could not be clearer: the amount of purchases made by a provider, as compared to other providers, is directly relevant to whether a defendant violated 21 U.S.C. § 841.  *See, e.g., United States v. Leal*, 75 F.3d 219, 227 (6th Cir. 1996) (affirming conviction based, in part, on fact that "[defendant] was dispensing more controlled substances than even large chain pharmacies"); *United States v. August*, 984 F.2d 705, 713 (6th Cir. 1992) (affirming conviction based, in part, on evidence that the defendant's "purchases were much greater than the purchases of the average doctor, pharmacy or hospital."); *United States v. Word*, 806 F.2d 658, 663 (6th Cir. 1986) (affirming conviction based, in part, on fact that "defendant prescribed great quantities of Dilaudid").

## IV.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Defendant's four motions in limine (Docs. 246, 247, 248, and 252) be denied

---

[2] Indeed, the concerns raised by the Defendant in its most recent motion, such as whether other medical professionals included in the data are "similarly situated" (Doc. 252 ay 2), are also "fodder for cross-examination."

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/ Adam L. Wright
Timothy D. Oakley (#0039965)
Adam L. Wright (#0082925)
Assistant United States Attorneys
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Phone: (513) 684-3711
Fax: (513) 684-6385
E-mail: timothy.oakley@usdoj.gov
E-mail: adam.wright@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2011, I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system, which will send notification of such filing to all
parties of record via e-mail.

s/ Adam L. Wright
Adam L. Wright (#0082925)
Assistant United States Attorney