```
          UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF OHIO
               CINCINNATI DIVISION
```

PAUL H. VOLKMAN,

    Movant,

v.                                 Case No.

UNITED STATES OF AMERICA,

    Respondent.

## MOTION FOR BAIL OR RELEASE ON MOVANT'S RECOGNIZANCE

Comes Now Paul H. Volkman, M.D., the "movant" hereinafter, in _propria persona_, pursuant to the "inherent" power of this Court, and for his instant motion, respectfully states:

1. Pending before this Court is the Movant's _Petition to Vacate Void Proceedings and for Equitable Relief_, "_Petition_" hereinafter.

2. The Movant hereby adopts and incorporates his pending _Petition_ in support of the instant motion herein as if set forth word for word verbatim.

3. Assuming the verified allegations of fact and law to be true and correct as set forth in the said _Petition_, the civil-law indictment and warrant, relied upon by the Respondent to detain the Movant, are null and void _ab initio_.

4. The failure of the Respondent to duly answer and refute the facts and law as set forth in the said _Petition_ establishes a presumption that the facts and law verified therein are true and correct. _Williams v. Kaizer_, 323 U.S. 471, 473-74 (1945), _Petition_, pp. 20-21, ¶ 22; _Kokkonen v. Guardian Life Ins. Co._, 128 L.Ed.2d 391, 395 (1994)("It is to be presumed that a cause lies outside this limited jurisdiction, Turner v President of

Bank of North-America, 4 Dall. 8, 11 L Ed 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. General Motors Acceptance Corp., 298 US 178, 182-183, 80 L Ed 1135, 56 S Ct 780 (1936)."), Petition, p. 49, ¶ 64. See also, A Treatise on the Writ of Habeas Corpus, 2nd Ed. (1893), by William S. Church, Counselor at Law (Rep. Ed. 1997), p. 206, § 134, in relevant part:

> "A failure to make any return to a writ of habeas corpus, or to make an evasive, false, or insufficient return constitutes a contempt of court."

Footnote 3 thereto, citing, e.g.; Viner's Case, Freem., 389, 401, 522; Wyatt's Reg. 215; Crowley's Case, 2 Swanst. 73; King v. Winston, 5 Term. Rep. 89; State v. Philpot, Dud. (Ga.) 46; Williamson's Case, 26 Pa. St. 9; 67 Am. Dec. 374; United States v. Williamson, 3 Am. Law Reg. 729, affirmed in 4 Am. Reg. 5.

5. Under the Fifth Amendment guarantee to "due process of law," the Respondent must have a valid arrest warrant in order to lawfully detain the Movant. See Baker v. McCollan, 443 U.S. 137, 143, n. 4 (1979), and compare, Pierson v. Ray, 386 U.S. 547, 557 (1967)("With respect to the arresting officers themselves, good faith action under apparently valid authority is an affirmative defense which they must plead and prove."); Powe v. Chicago, 664 F.2d 639, 644 (7th Cir. 1981)("This court has held that where an arrest is made pursuant to an invalid warrant, Baker cannot be applied, to preclude the arrestee's claim of an unconstitutional deprivation of liberty.")(citing Murray v. Chicago, 634 F.2d 365, 367 (7th Cir. 1981)). See also, United States v. Hazine, 762 F.2d 34, 35-37 (6th Cir. 1985)(requiring "de novo"

2

review of the entire record to determine whether detention is lawful, and finding of lawful "indictment" necessary to establish "probable cause" for detention, citing Gerstein v. Pugh, 420 U.S. 103, 117, n. 19 (1975)); and compare United States v. Yamini, 91 F. Supp. 2d 1125, 1128 (S.D. Ohio 2000)(same collecting cases); Drake v. Vill. of Johnstown, 435 Fed. Appx. 431, 441 (6th Cir. 2013)(same in principle); Stahl v. Czernik, 496 Fed. Appx. 621, 623 (6th Cir. 2012)(same in principle); and compare United States v. Gross, 432 Fed. Appx. 490, 493-494 (6th Cir. 2011)(finding of "bad faith or an attempt to gain a tactical advantage" as ground for dismissal "with prejudice" under 18 U.S.C. § 3162(a)(2)); and United States v. LaLonde, 246 F. Supp. 2d 873 (S.D. Ohio 2/7/2003)(Sandra S. Beckwith vacating magistrate's detention order and remanding for pretrial release upon hearing pursuant to 18 U.S.C. § 3142(e)).

6. Upon the facts, law and grounds of the said Petition, the civil-law indictment and warrant, relied upon by the Respondent, to arbitrarily, fraudulently and falsely arrest, prosecute and imprison the Movant, without authority, are shown to be null and void ab initio. The Respondent's fraud against the administration of justice and the Movant trigger his Fifth Amendment right to the protection of "due process of law," cited herein ¶ 5 and specifically pled in the said Petition, ¶¶ 1 to 103, and in Grounds I to X therein, and require a full and fair adjudication, hearing, and the Movant's immediate release on bail or on his own recognizance.

3

Wherefore, premises considered, the Movant prays for this Court to issue an Order granting him bail or his immediate release from unlawful custody on his own recognizance, and further Order that a full and fair hearing be held for adjudication of all issues of fact and law, as law and justice so require.

Executed on this 9th day of June, 2016. Respectfully Submitted,

*Paul H. Volkman MD*
Paul H. Volkman, M.D., Ph.D
[19519-424]
U.S. Penitentiary
~~P.O. Box 33~~
~~Terre Haute, IN 47808~~

USP Coleman 1, Box 1033
Coleman, FL, 33521

4