**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:07-CR-60 |
| | ) |
| vs. | ) |
| | ) |
| Paul H. Volkman, | ) |
| | ) |
| Defendant. | ) |

O R D E R

Defendant's Motion to Disqualify Each and Every Federal Officer Implicated in the Arbitrary and Fraudulent Exercise of Civil-Law Judicial Power Derived from Congress and the Pretext of Title 28 U.S.C. §§ 132(c)'s "rule of order of the court" Clause (Doc. No. 518) and Motion for Bail or Release on Movant's Own Recognizance (Doc. No. 519) are **DENIED** as being frivolous.

Defendant has also filed a pleading captioned "Petition to Vacate Void Proceedings and for Equitable Relief." Doc. No. 520.  The first 75 or so pages of this document appear to be Defendant's interpretation of the evolution of the English-American criminal justice system and the vesting of jurisdiction in the courts to adjudicate criminal offenses.  Even a cursory review of this section of the document shows that it is frivolous, has no bearing on the constitutionality of Defendant's current confinement, and does not entitle Defendant to relief.  Beginning on page 76, however, Defendant makes statements which could be construed as asserting ineffective assistance of trial and appellate counsel claims.  Thus, despite the caption, Defendant's pleading could reasonably be construed as being a motion

to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel.

The Court hereby advises Defendant that it intends to re-characterize Defendant's "Petition to Vacate Void Proceedings and for Equitable Relief" as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 unless Defendant withdraws this motion within thirty (30) days of the date of this order.  Defendant is further advised that if this motion is re-characterized as a § 2255 motion, future motions attacking his convictions and sentence may be subject to the bar against filing second or successive § 2255 motions.  In re Shelton, 295 F.3d 620, 621-22 (6th Cir. 2002).

A certificate of appealability shall not issue on the matters raised herein. See 28 U.S.C.A. § 2253(c); Fed. R. App. P.22(b).  Defendant remains free to request issuance of a certificate of appealability from the Court of Appeals.  Id.

The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Defendant leave to appeal this order in forma pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date July 5, 2016                                     s/Sandra S. Beckwith
                                                                Sandra S. Beckwith
                                                     Senior United States District Judge